JOURNAL ENTRY AND OPINION
This is a consolidated appeal involving appellant Linda Colson ("appellant") and appellees Marathon Capital, LPA, et al. ("Marathon") and Ronald Nicholson, et al.
On June 30, 1986, appellant executed and delivered a note in the amount of $10,000 to National City Bank ("NCB"). As collateral for the note, appellant executed and delivered a real estate mortgage deed to NCB, conveying a lien interest, to NCB in her residence. Appellant experienced further financial difficulties and the original mortgagees initiated a foreclosure action on her residence. In order to halt the foreclosure action, appellant entered into a mortgage loan agreement with Marathon Capital on August 15, 1996, where Marathon would become appellant's mortgagor. The three partners who composed Marathon Capital were Ronald Nicholson, Andrew Clarke, and Zohar Ben-Dov. Appellant defaulted on this mortgage and Marathon filed a complaint in foreclosure against appellant on February 14, 1997. In addition to appellant, Marathon included as defendants in the action: (1) John Doe, the unknown spouse of appellant, (2) Third Federal Savings Loan, and (3) National City Bank.
Third Federal Savings Loan appeared to have a lien of record but was released shortly after the foreclosure action was filed. NCB answered the complaint, and requested that appellant satisfy its lien of $7,194.26. Subsequently, NCB amended its answer and filed a cross-claim against appellant for the money she owed. Marathon then filed a motion for summary judgment arguing there was no genuine issue of material fact as appellant had simply defaulted on her mortgage loan in the amount of $174,200. A magistrate heard the case and issued a decision granting Marathon's motion for summary judgment. The decision stated that a Sheriff's sale should commence with the proceeds to satisfy first NCB's interest of $6,998.84 and Marathon's interest of $174,200, which was secondary to NCB.
Appellant filed two Chapter 13 bankruptcy proceedings prior to the Sheriff's sale which stayed the Sheriff's sales. Appellant made no effort in either of these bankruptcy proceedings to pay off her debts. Eventually, the United States Bankruptcy Court, Northern District of Ohio, granted an order for sanctions against appellant barring her from filing any future bankruptcy proceedings for 180 days. The Court stated good cause existed for granting Marathon's motion for sanctions because "it appears that the Debtor [appellant] filed the bankruptcy as an adjunct to litigation directed toward Movants [Marathon] and without any intent to pursue a Chapter 13 plan of reorganization."
Having discovered it did not have a first priority lien, Marathon submitted a claim under its title insurance policy to its escrow agent, Tower City Title Agency. Tower City discovered that in an earlier foreclosure action, a trial court had failed to include NCB's lien in its distribution. As a result of its title guarantee to Marathon, Tower City paid the amount needed to satisfy NCB. NCB then assigned its mortgage interest to Tower City on August 7, 1997. Thereafter, Tower City subordinated NCB's mortgage interest to Marathon's interest, thus restoring Marathon's first mortgage position. NCB filed a second amended answer disclaiming any interest in the foreclosure.
Subsequently, Tower City filed an action against appellant and her attorney in Cleveland Municipal Court, Tower City TitleAgency, Inc. v. George Simakis, et al. (Mar. 24, 1999), Cuyahoga M.C. No. 97CV17726, unreported, seeking to recover funds it had mistakenly distributed to appellant as a result of the failure to discover NCB's first lien. The Municipal Court found in favor of appellant and held Tower City was at fault for failing to discover NCB had a prior lien on appellant's residence. Appellant did not repay the funds she received from Tower City. Consequently, in the foreclosure action, pursuant to Civ.R. 25(C), Tower City filed a joint-motion with Marathon and NCB to substitute its interest for NCB's. The trial court granted the joint-motion to substitute.
Appellant then filed a post-judgment motion for leave to file an answer and counter-claim. This motion was denied by the trial court. Thereafter, Marathon filed a motion to amend the magistrate's decision to reflect the fact that Tower City had been substituted for NCB. The trial court granted this motion and amended its judgment entry showing that Tower City was substituted for NCB.
Two months later, on October 13, 1998, appellant filed a separate complaint in the Court of Common Pleas, Cuyahoga County, against: (1) Marathon Capital and its three partners individually, (2) John Does and Jane Does, (3) Mortgage One Group, and (4) Tower City. Appellant alleged Marathon and its partners altered the adjustable interest rate on her note by forging her initials next to a new rate to which she did not agree. She claimed Mortgage One charged an excessive origination fee of $11,105.25 and was negligent in failing to discover that Marathon had changed the adjustable interest rate on the loan agreement. Lastly, she alleged Tower City was guilty of permitting overcharges to Marathon and Mortgage One which fees are "violative of fees charged by other brokers and lenders for similar services by loan brokers and lenders."
The next day, October 14, 1999, appellant filed a motion to consolidate the foreclosure case with her recently filed case. The trial court denied this order and appellant filed a notice of appeal from this denial, on October 30, 1998.
Marathon responded to the complaint by filing a motion to dismiss pursuant to Civ.R. 12(B) for lack of subject matter jurisdiction. Marathon argued all the claims raised by appellant were already raised or should have been raised as defenses or compulsory counterclaims in the foreclosure action. On July 7, 1999, the trial court dismissed all the claims against the four defendants, with prejudice, based on the doctrine of resjudicata. On July 30, 1999, appellant filed a second notice of appeal based on the dismissal of all her claims. We consolidated appellant's appeals into a single appeal and appellant now submits four assignments of error for review.
Before addressing appellant's assignments of error, it should be noted that appellant referenced an argument at oral argument that NCB is barred from ever asserting its claim against her based on a prior judgment which adjudicated NCB's claim in her favor. Third Federal Savings and Loan Association of Cleveland v.Linda Colson, et al. (Dec. 15, 1994), Cuyahoga C.P., No. 247587, unreported. Pursuant to App.R. 12, the court of appeals shall determine an appeal on its merits on the assignments of error set forth in the briefs. App.R. 16 requires appellant to include in her brief an argument containing her contentions under each assignment of error and the reasons in support of her contentions, with citations to the authorities, statutes, and parts of the record on which she relies. Since appellant failed to assign and argue any specific errors with respect to the prior judgment barring NCB's claim, we need not address this argument. App.R. 12; App.R. 16.
Because appellant's first, second, and third assignments of error are interrelated we will address them together. They state as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY PERMITTING THE APPELLEE, TOWER CITY TITLE AGENCY TO BE SUBSTITUTED IN PLACE OF NATIONAL CITY BANK, IN THE FORECLOSURE ACTION.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN PERMITTING TOWER CITY TITLE AGENCY TO BE SUBSTITUTED IN THE UNDERLYING FORECLOSURE ACTION AS ITS CLAIMED LIEN WAS EXTINGUISHED BY THE JUDGMENT IN THE FORECLOSURE ACTION.
 THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO ALLOW APPELLANT TO FILE AN ANSWER AND COUNTERCLAIM.
Appellant argues the trial court erred in granting Tower City's motion to substitute it for NCB. She claims the trial court had no jurisdiction over Tower City's lien because the municipal court had already assumed jurisdiction over Tower City and the exact same claim for money. In support, appellant cites the comity rule and the jurisdictional priority rule which hold that once a court acquires jurisdiction over a matter, this jurisdiction continues exclusive to all other courts until the matter is decided. Appellant maintains the Cuyahoga County, Court of Common Pleas must not interfere with the jurisdiction vested in the municipal court which ultimately decided against Tower City. As a result, appellant contends the trial court erroneously granted the motion to substitute which circumvented the municipal court decision mandating that Tower City, and not appellant, pay off NCB's title insurance claim.
In her second assignment of error, appellant argues Tower City should not have been substituted as a party in the foreclosure action because its lien was extinguished by the first judgment in the foreclosure action.
In her third assignment of error, appellant argues the trial court abused its discretion in denying her leave to file an answer and counterclaim. Appellant claims she has a valid defense of res judicata against Tower City based on the decision of the Cleveland Municipal Court. She maintains the trial court denied her the opportunity to raise this defense when it denied her motion for leave to file an answer and counterclaim.
We do not have the Cleveland Municipal Court file before us. We only have the two page decision issued by the court. The decision states Tower City "seeks to recover as a subrogee from Simakis and [appellant] Colson." The decision goes on to say that Tower City failed to discover the lien filed against NCB and erred on its own in distributing the funds owed to NCB to appellant. Nowhere within the decision does the court disallow the mortgage lien filed by NCB. As a result, the mortgage lien filed by NCB is still valid. Consequently, a conflict still existed between NCB and appellant. Thus, when Tower City substituted itself for NCB in the foreclosure action it assumed NCB's interests in the action. Appellant is correct in arguing Tower City's interests as to the lien were extinguished by the municipal court action. However, the municipal court action did not extinguish the claims of NCB, and Tower City by paying off NCB's mortgage lien assumed the interests of NCB and thus had a viable claim of first impression against appellant.
As a result, the claim for money in the municipal court decision was not the same as the claim for money in the foreclosure action, as appellant argues. NCB's lien was never extinguished and the municipal court decision did not mandate that Tower City pay off NCB's lien. Rather, NCB had a viable claim, Tower City purchased the interest in the claim, and properly substituted itself for NCB. Therefore, the trial court did not abuse its discretion in allowing Tower City to substitute itself for NCB, the doctrine of res judicata is inapplicable, and the trial court did not abuse its discretion in denying appellant's motion for leave to file an answer and counterclaim. Accordingly, appellant's first, second, and third assignments of error are overruled.
Appellant's fourth assignment of error states as follows:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DISMISSING THE APPELLANTS TORT AND CONTRACT CLAIMS AGAINST ALL THE VARIOUS DEFENDANT/APPELLANTS ON THE BASIS OF RES JUDICATA.
Appellant argues the trial court erroneously dismissed her claim against Mortgage One Group, USA, in the second case based on resjudicata. She claims the dismissal was clearly error as Mortgage One Group was never a party in either of the previous cases cited by the trial court. Thus, none of the claims against Mortgage One Group were ever litigated. In addition, appellant also maintains the claims against the other defendants should not have been dismissed based on res judicata prior to the foreclosure sale because she could not prove her monetary damages with respect to the negligence in processing the loan at that time.
In her complaint, appellant alleged Mortgage One charged an excessive origination fee of 6.3750% or $11,105.25. She also claimed Mortgage One failed to properly monitor the documents prepared for her refinancing which allowed Tower City to overcharge her and resulted in the forgery of her initials. The trial court issued a journal entry dismissing appellant's claims against Mortgage One based on the doctrine of res judicata. In support of its ruling, the trial court cited to the previous foreclosure case and the municipal court case. However, Mortgage One was not a party to either of these cases and appellant's cause of action against Mortgage One was never litigated in either of these two cases. As a result, we find the trial court incorrectly dismissed appellant's claims against Mortgage One.
Regarding the remaining defendants, we find.the trial court correctly dismissed appellant's claims against them. Appellant had ample opportunity in the foreclosure action to cross-claim against Tower City, after it had substituted itself for NCB, or any of the other defendants or counter-claim against Marathon and its three partners. Her alleged causes of action for charging excessive fees, forgery, and fraud accrued before the sheriff's sale. Appellant simply failed to assert the claims.
Accordingly, we find the trial court incorrectly dismissed the claims against Mortgage One but was correct in dismissing the claims against the remaining defendants. Therefore, appellant's fourth assignment of error is granted as to Mortgage One but overruled as to all the remaining defendants.
Judgment affirmed in part; reversed in part and remanded.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant and appellee share equally the costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, ADMINISTRATIVE JUDGE, MICHAEL J. CORRIGAN, J., CONCURS.
 _____________________ JOHN T. PATTON, JUDGE